IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMUEL PAUL,

        Plaintiff,

      v.

DAN RAYFIELD, in his official capacity;
MICHELLE ENFIELD, individually and in
her official capacity; BRANDON KELLY,
individually and in his official capacity;
WASHINGTON COUNTY, a municipal
entity; COLETTE PETERS, in her individual
capacity; and DOES 1–10,

        Defendants.

Case No. 3:25-cv-02139-AB

OPINION & ORDER

1 – OPINION & ORDER

Samuel Paul

     Self-represented

Kristen Hoffmeyer
Oregon Department of Justice, Trial Division
100 SW Market St.
Portland, OR 97201

     Attorney for Defendants Rayfield, Enfield, Kelly, and Peters

David C. Lewis
Washington County Counsel
155 N First Ave, MS 24
Hillsboro, OR 97035

     Attorney for Defendant Washington County

**BAGGIO, District Judge:**

Self-represented Plaintiff Samuel Paul brings this action against Defendants Dan Rayfield, Michelle Enfield, Brandon Kelly, Colette Peters (the "State Defendants"), and Washington County. Plaintiff brings claims under 42 U.S.C. § 1983 alleging violations of his rights under the Eighth, Thirteenth, and Fourteenth Amendments of the United States Constitution, as well as one claim alleging *Monell* liability against Defendant Washington County. Compl. ¶¶ 26–50, ECF No. 1. Defendant Washington County and the State Defendants filed separate motions to dismiss Plaintiff's claims against them. Def. Washington Cnty. Mot. Dismiss ("Def. Cnty. Mot."), ECF No. 9; State Defs.' Mot. Dismiss ("State Defs.' Mot."), ECF No. 15. For the reasons below, the Court grants both motions.

## BACKGROUND

Plaintiff alleges that he was convicted by a non-unanimous jury verdict in Washington County Circuit Court before the United States Supreme Court held Oregon's nonunanimous jury

2 – OPINION & ORDER

law[1] unconstitutional. Compl. ¶¶ 12–13; *see also Ramos v. Louisiana*, 590 U.S. 83, 90 (2020) ("A jury must reach a unanimous verdict in order to convict."). During Plaintiff's incarceration, he alleges that he was compelled to perform labor for which he received no income and which included being deployed as an inmate firefighter during the 2020 wildfire season in Oregon. Compl. ¶¶ 15, 17, 19.

Plaintiff alleges that he was released from physical custody on October 27, 2020, but that the State of Oregon "continued to impose post-prison supervision until October 26, 2023 . . . ." *Id.* ¶ 21. Plaintiff also alleges that his criminal case was re-opened after *Ramos*, and on November 28, 2023, Washington County Circuit Court "entered a new judgment . . . dropping all Assault charges for lack of evidence and reducing the original Robbery conviction to a 6-Month offense . . . ." *Id.* ¶ 14.

Plaintiff also alleges that he "applied for compensation under Oregon Senate Bill [("SB")] 1584 (2022), which created a process to compensate individuals whose convictions were vacated due to unconstitutional jury verdicts." *Id.* ¶ 22 (emphasis omitted). While pursuing his SB 1584 action, Plaintiff alleges that Defendant Enfield, on behalf of the State of Oregon, opposed Plaintiff's request and "relied on demonstrably false assertions that no legislative history existed for [SB] 1584 and that the law's sponsors' intent could not be considered." *Id.* ¶¶ 22–23. On August 20, 2025, Plaintiff alleges that Washington County Circuit Court "granted the State's Motion to Dismiss, adopting the Oregon DOJ's arguments and ignoring the record demonstrating Plaintiff's continuing injury." *Id.* ¶ 24 (emphasis omitted). Plaintiff alleges that

---

[1] *See* Or. Const. art. I, § 11 (providing "that in the circuit court ten members of the jury may render a verdict of guilty or not guilty, save and except a verdict of guilty of first degree murder, which shall be found only by a unanimous verdict . . . .").

3 – OPINION & ORDER

Defendants' actions described here "collectively reflect a continuous pattern of constitutional violations . . . ." *Id.* ¶ 25.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct . . . ." *Id.* at 679. A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts must liberally construe pleadings filed by self-represented litigants. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Additionally, a court cannot dismiss a self-represented litigant's complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a self-represented litigant's complaint without leave to amend is proper

4 – OPINION & ORDER

only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

Defendant Washington County moves to dismiss claims against it because, among other reasons, "Plaintiff fails to allege any facts establishing claims for relief against Washington County." Def. Cnty. Mot. 2. The State Defendants move to dismiss claims against them because, among other reasons, each State Defendant is entitled to prosecutorial, sovereign, or qualified immunity. State Defs.' Mot. 2. For the reasons below, the Court dismisses Plaintiff's claims against all Defendants without leave to amend.

## I.    Defendant Washington County

Defendant Washington County moves to dismiss Plaintiff's claims against it because Plaintiff fails to allege any facts regarding Washington County. Def. Cnty. Mot. 2. The Court agrees.[2]

Oregon's Court Reform Act of 1983 unified the court system and transferred the employment of trial court staff and judges from counties to the state. Or. Rev. Stat § ("ORS") 8.235; *see also Or. AFSCME Council 75 v. Or. Jud. Dep't—Yamhill Cnty.*, 304 Or. App. 794, 796–98, 469 P.3d 812 (2020) ("Beginning in 1983, the legislature consolidated Oregon's trial courts . . . into a single unified court system funded directly by the state and administered centrally on a statewide basis."). As a result of this statutory change, "[t]rial court employees ceased to be employees of the individual counties in which they worked and instead became

---

[2] The Court does not reach the parties' arguments regarding whether Plaintiff's claims are time-barred or precluded under the doctrine of res judicata. *See* Def. Cnty. Mot. 6–9; State Defs.' Mot. 2. Nor does the Court reach the parties' argument regarding the *Heck* doctrine, insufficient service of process, personal jurisdiction, or mootness. Def. Cnty. Mot. 9–12; State Defs.' Mot. 2.

5 – OPINION & ORDER

employees of the state." *AFSCME*, 304 Or. App. at 797, 801–03 (describing internal court administration); *see also* ORS 1.001 ("[I]t is in the best interests of the people of this state that the judicial branch of state government, including the . . . circuit courts, be funded and operated at the state level."). Similarly, district attorneys are officers of the state. Or. Const. art. VII (Original), § 17; *see also State v. Clark*, 291 Or. 231, 245, 630 P.2d 810 (1981) ("District attorneys are state officers applying statewide, not local law."); *State ex rel. Rosenblum v. Nisley*, 367 Or. 78, 85, 473 P.3d 46 (2020) ("District attorneys in Oregon are state officers.").

Here, Plaintiff alleges that Defendant Washington County "maintained policies, customs, and practices that resulted in prosecutions and convictions based on non-unanimous juries, and failed to implement mandatory review or correction procedures after *Ramos* . . . thereby preserving unconstitutional convictions." Compl. ¶ 43. But Plaintiff's claims against Defendant Washington County fail as a matter of law because the policies and customs that Plaintiff challenges are not those of Defendant Washington County. Rather, Plaintiff appears to challenge the policies of Washington County Circuit Court and the Washington County District Attorney's Office, *see, e.g.*, *id.* ¶¶ 10, 43, neither of which is an entity which the Defendant County administers. Because Plaintiff does not allege facts concerning Washington County, the Court dismisses Plaintiff's claims against Defendant Washington County.

## II.   Defendant Enfield

The State Defendants move to dismiss Plaintiff's claims against Defendant Enfield because Defendant Enfield is entitled to "absolute immunity for any conduct involved in discharging [her] official litigation-related duties for the State during the course of active or potential litigation." State Defs.' Mot. 5. The Court agrees.

"An attorney in the Attorney General's Office is immune from lawsuits for any action [she] commits while discharging [her] official litigation-related duties, whether sued in [her] official or individual capacity." *Read v. Haley*, No. 3:12-CV-02021-MO, 2013 WL 1562938, at *9 (D. Or. Apr. 10, 2013), *aff'd*, 650 F. App'x 492 (9th Cir. 2016). This immunity does not apply to actions that are "wholly unrelated to or outside of [the attorney's] official duties." *Id.* (quoting *Bly–Magee v. California,* 236 F.3d 1014, 1018 (9th Cir. 2001).

Here, Plaintiff alleges that Defendant Enfield "relied on demonstrably false assertions that no legislative history existed for [SB] 1584 and that the law's sponsors' intent could not be considered." Compl. ¶ 23. Because Plaintiff only challenges Defendant Enfield's official duties as Assistant Attorney General ("AAG") (that is, litigating against Plaintiff's underlying SB 1584 petition), Defendant Enfield is entitled to absolute immunity. *See Read*, 2013 WL 1562938, at *9 ("[The plaintiff's] sole allegation against [the AAG defendant] relates exclusively to actions that [the AAG defendant] allegedly performed while discharging his official duties as a [Senior AAG]. As a result, [the AAG defendant] is entitled to absolute immunity on [the plaintiff's] due process claim . . . ."). To the extent Plaintiff brings his claims against Defendant Rayfield because his name also appears on the filings in the underlying SB 1584 petition, the Court dismisses Defendant Rayfield for the same reasons it dismisses Defendant Enfield. *See* Lewis Decl. Ex. 3, at 7 (motion to dismiss in the underlying SB 1584 petition), ECF No. 10-3;[3] *see also*

---

[3] Citations to the Lewis Declaration and its attached exhibits refer to the PDF page number in the CM/ECF filing. Consistent with the parties' requests, the Court takes judicial notice of the filings in Plaintiff's underlying state petition for wrongful conviction, including Plaintiff's SB 1584 petition and judgment dismissing said petition. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("Judicial notice . . . permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.' . . . A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" (quoting Fed. R. Evid. 201(b)(1)–(2))); *see also* State Defs.' Mot. 4 n.1 (requesting judicial notice of judgment docketed in

7 – OPINION & ORDER

Compl. ¶ 7 ("The Attorney General is responsible for supervising Assistant Attorneys General and for directing the legal positions and enforcement decisions of the Oregon Department of Justice ("DOJ"), including matters arising under Oregon [SB] 1584.").

### III.   Official Capacities (Defendants Rayfield & Kelly)

The State Defendants argue that Defendants Rayfield and Kelly (acting in their official capacities) should be dismissed because they are not "persons" for purposes of Section 1983. State Defs.' Mot. 6. The Court agrees.

State officials sued in their official capacity for damages are not persons for purposes of § 1983 actions. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *see also Lewis v. Clarke*, 581 U.S. 155, 162 (2017) ("In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself."). State officials sued in their official capacity for prospective injunctive relief, however, are persons for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989); *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (holding that "state officials are 'persons' under § 1983 when sued for prospective injunctive relief"). The same is not true for officials sued in their official capacity for retrospective relief. *See Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) ("The Eleventh Amendment bars individuals from bringing lawsuits against a state for money damages or other retrospective relief." (quoting *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016)).

Here, Plaintiff may not seek damages from Defendants Rayfield or Kelly in their official capacity. Much of Plaintiff's requested injunctive relief is retrospective in nature. *See, e.g.*,

---

Plaintiff's underlying criminal case); Pl.'s Resp. State Defs.' Mot. 3–4 (requesting judicial notice of general judgment entered in Plaintiff's underlying criminal case), ECF No. 17.

Compl. ¶¶ 49(b)–(c) (requesting corrections in Plaintiff's state and federal wage records and retractions of "false or misleading statements made in opposition to Plaintiff's SB 1584 claim"). As explained above, such relief is unavailable in a § 1983 claim. To the extent Plaintiff seeks prospective injunctive relief, "the Eleventh Amendment allows only prospective injunctive relief to prevent an ongoing violation of federal law." *Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 840 (9th Cir. 1997). Plaintiff here alleges no ongoing violation of *Ramos* or any other federal law. Indeed, the parties' filings suggest that Plaintiff already received all the relief to which he was entitled. *See* Compl. ¶ 14 (alleging that Washington County Circuit Court "entered a new judgment . . . dropping all Assault charges for lack of evidence and reducing the original Robbery conviction to a 6-Month offense"); Lewis Decl. Ex. 2, at 2–4 (stipulated general judgment, dated April 27, 2023, vacating convictions by nonunanimous jury), ECF No. 10-2; Lewis Decl. Ex. 5 (finding that Plaintiff "does not qualify for compensation" under SB 1584), ECF No. 10-5. The Court therefore finds that prospective injunctive relief is also inappropriate here.

Because Plaintiff cannot obtain the requested relief from these Defendants acting in their official capacity, the Court dismisses Defendant Rayfield and Defendant Kelly to the extent Plaintiff brings this action against them in their official capacities.

## IV.    Qualified Immunity (Defendants Kelly & Peters)

The State Defendants argue that Defendants Kelly and Peters (acting in their individual capacities) are entitled to qualified immunity because "[r]easonable officials, standing in the shoes of these Defendants, would not have thought that the actions they allegedly took violated Plaintiff's rights." State Defs.' Mot. 7. The Court agrees.

9 – OPINION & ORDER

"Qualified immunity protects government officials from liability under § 1983 'unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time.'" *Cuevas v. City of Tulare*, 107 F.4th 894, 898 (9th Cir. 2024) (quoting *Waid v. Cnty. of Lyon*, 87 F.4th 383, 387 (9th Cir. 2023)). As to the first prong, "whether a constitutional right was violated . . . is a question of fact." *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1085 (9th Cir. 2009). As to the second prong, "the 'clearly established' inquiry is a question of law that only a judge can decide." *Morales v. Fry*, 873 F.3d 817, 821 (9th Cir. 2017). Courts have discretion in deciding which prong to address first but should choose "the order of decisionmaking that will best facilitate the fair and efficient disposition of each case." *Pearson v. Callahan*, 555 U.S. 223, 242 (2009).

To facilitate the fair and efficient disposition of this case, the Court starts with the second prong of the qualified immunity test. For a right to be clearly established, it must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11–12 (2015) (per curiam) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). In conducting this analysis, courts must "not . . . define clearly established law at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). Doing so "avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014). "The plaintiff bears the burden of 'point[ing] to prior case law that articulates a constitutional rule specific enough to alert these [state actors] in this case that their particular conduct was unlawful.'" *Hughes v. Rodriguez*, 31 F.4th 1211, 1223 (9th Cir. 2022) (quoting *Sharp v. Cnty. of Orange*, 871 F.3d 901, 911 (9th Cir. 2017)).

10 – OPINION & ORDER

The Court notes at the outset that it is unclear from Plaintiff's Complaint what Defendants Kelly or Peters did that violated Plaintiff's constitutional rights.[4] To the extent that Plaintiff alleges that Defendants Kelly and Peters were also responsible for his allegedly unlawful incarceration, the Court finds that the law was not established until April 20, 2020, that Plaintiff's conviction by way of a nonunanimous jury was unconstitutional. *See Ramos*, 590 U.S. at 93 ("[I]f the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court."). Indeed, the law at the time of Plaintiff's conviction was that Oregon's nonunanimous jury law *was* constitutional. *See Apodaca v. Oregon*, 406 U.S. 404 (1972), *abrogated by Ramos*, 590 U.S. at 93. While Plaintiff was released from physical custody on October 27, 2020, Compl. ¶ 21, it was not until 2022 that the Oregon Supreme Court ruled that retroactive post-conviction relief is required—under Oregon law—for a violation of the right to a unanimous jury verdict, *Watkins v. Ackley*, 370 Or. 604, 607, 523 P.3d 86 (2022). The Court therefore finds that the law was not clearly established at the time of Plaintiff's conviction that the State Defendants violated Plaintiff's constitutional rights. Therefore, Defendants Kelly and Peters are entitled to qualified immunity here.

///

---

[4] Even if Defendants Kelly and Peters were not entitled to qualified immunity, the Court adds that Plaintiff fails to state sufficient facts as to either Defendant. As stated above, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Here, Plaintiff's only allegation against Defendant Kelly is that he "is the Director of the Oregon Department of Corrections [("ODOC")]." Compl. ¶ 9. Plaintiff's Complaint contains no allegation regarding Defendant Peters. To the extent Plaintiff attributes the actions of ODOC to Defendants Kelly and Peters, the Court also finds that Plaintiff's Complaint does not allege how ODOC was responsible for his conviction by way of a nonunanimous jury, or that ODOC was responsible for terminating his incarceration after *Ramos* was decided.

**IV.    Leave to Amend**

The Court finds that it is "absolutely clear that no amendment can cure the defect[s]" in Plaintiff's claims against Defendant Washington County because Plaintiff only challenges the conduct of state employees and officials. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas*, 66 F.3d at 248). Therefore, the Court dismisses Defendant Washington County with prejudice. Because Plaintiff's § 1983 claims against the State Defendants are precluded by the various immunity doctrines discussed above, the Court also finds that amendment cannot cure the pleading defects in Plaintiff's Complaint as to the State Defendants and accordingly dismisses the State Defendants with prejudice.

**CONCLUSION**

The Court GRANTS Defendant Washington County's Motion to Dismiss [9]. The Court also GRANTS the State Defendants' Motion to Dismiss [15].

IT IS SO ORDERED.

DATED this ___25th___ day of May, 2026.

AMY M. BAGGIO
United States District Judge

12 – OPINION & ORDER